EVANDER, J.
The former wife, Sima Sasseen, appeals a final judgment of dissolution of marriage. We conclude that the trial court erred in failing to award the former wife arrearag-es due from the former husband under a temporary support order, but . we otherwise affirm.
During the pendency of the dissolution action, the trial court entered a stipulated temporary order under which the former husband was required to pay, inter alia, mortgage payments and other specified obligations related to the marital home such as utilities, car payments and insur- *1282 anee for the former wife’s vehicle, private school tuition for the minor children, and unallocated support of $7,500 per month.
The uncontroverted testimony established that the former wife paid $21,-870.63[1] for expenses that were the former husband’s obligation under the temporary order. Despite demand from the former wife, the former husband failed to pay these due and owing monies. It appears from the record that the trial court was under the misapprehension that the monies claimed by the former wife had been reimbursed by the former husband.[2] On remand, the trial court shall require the former husband to pay this arrearage amount.
AFFIRMED, in part; REVERSED, in part; REMANDED.
COHEN and LAWSON, JJ., concur.

. This sum represents $12,260 for private school tuition, $3,024.28 for car-related expenses, and $6,086.35 for utilities and other expenses related to the marital home.

. The record belies the former husband’s suggestion that the trial court's failure to require the former husband to pay these arrearages was based on an intent to “modify” the temporary order. Indeed, the Order on Motion for Rehearing erroneously states:
The Husband testified at trial that he had brought current the expense items, e.g., mortgage, insurance, homeowners' association fees, utilities, private school tuition, etc.
In fact, the former wife’s testimony as to the court-ordered expenses that the former husband had failed to pay was uncontroverted.